**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                                          No. 02-4852

ERIC DARNELL REESE,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, District Judge.
(CR-01-1135-JFM)

Submitted: April 15, 2003

Decided: April 25, 2003

Before LUTTIG, WILLIAMS, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

William B. Purpura, Baltimore, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Craig M. Wolff, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Eric Darnell Reese appeals his conviction following a bench trial of possession with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) (2000) and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (2000). Reese was sentenced to 360 months in prison and eight years of supervised release. On appeal, Reese argues: (1) the police lacked reasonable suspicion to conduct an investigatory stop of his vehicle; (2) the search warrant issued to search his residence lacked probable cause; and (3) the good-faith exception to the exclusionary rule is not applicable. We affirm.

We review the district court's factual findings underlying a motion to suppress for clear error, and the district court's legal determinations de novo. *See Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). When a suppression motion has been denied, we review the evidence in the light most favorable to the Government. *See United States v. Seidman*, 156 F.3d 542, 547 (4th Cir. 1998). We have reviewed the district court's denial of Reese's motion to suppress the evidence seized following the investigatory stop of his vehicle and find no error. *See Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). We also conclude the warrant established probable cause to search Reese's residence. We therefore find it unnecessary to review Reese's claim that the good-faith exception to the exclusionary rule is inapplicable.

We therefore affirm Reese's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*